hLANDRIEU, Judge.
This case arises from the trial court granting bail forfeiture judgments against Bankers Insurance Company after Floyd Kelly did not appear in court for proceedings connected with two separate arrests. We affirm.
On September 2, 1994, Bankers issued a $50,000.00 bond as a result of Kelly’s arrest for being a convicted felon in possession of a weapon, CDC No. 373-526. Because the trial court had not yet set an appearance date when the bond was issued, none was recorded on the bond.
On December 12, 1994, Bankers issued a $150,000.00 bond as a result of Kelly’s arrest for being a convicted felon in possession of a weapon, and possession with intent to distribute crack cocaine, CDC No. 371-507. Again, because the trial court had not yet set an appearance date when the bond was issued, none was recorded on the bond.
Kelly was ordered to appear for arraignment for case 371-507 on January 4, 1995. Because there was no evidence that Kelly had been notified of the arraignment date, it was rescheduled for January 11, 1995, and notice was sent to Kelly at the address recorded on the bond. No copy of this notice is contained in |2the record. He failed to appear and the trial court issued an alias capias for his arrest.
Kelly’s arraignment for case 373-526 was set for February 7,1995, and notice was sent to the address on the bond. There is no copy of this notice in the record. He did not appear and the trial court issued another alias capias for his arrest.
The record indicates that on February 7, 1995, when the arraignment was continued until February 22, the Assistant District Attorney requested that the Clerk of Court subpoena the defendant, the bondsman, and the surety company. The minute entry for February 7, 1995 indicates that the trial court ordered that the defendant, the bondsman, arid the surety company be notified of the February 22 hearing.
The minute entries for February 22, 1995 indicate the trial court reset the bond forfeiture hearing for March 3, 1995, at the request of the surety company. Again the trial court ordered notices of the continuance sent to the defendant and the surety. By certified mail, return receipt requested, the Office of the District Attorney sent notice to Kelly *995 and his sureties of the March 3,1995 hearing date and their required appearance.
Kelly did not appear on March 3, 1995, although counsel for his surety did. As a result of Kelly’s non-appearance on March 3, 1995, the trial court granted forfeiture of both bonds. The bond forfeiture stemming from the September 2, 1994 arrest was appealed under No. 96-KA-1950 and the bond forfeiture stemming from the December 12, 1994 arrest was appealed under No. 96-KA-1949.[1] The appeals have been consolidated, and the errors assigned in both are identical.
| -¡Bankers argues that the trial court erred (1)by granting the State’s motion to forfeit the bail bond, and (2) by not granting Banker’s motion for a new trial.

DISCUSSION

To obtain a bond forfeiture judgment against a surety, the State must strictly comply with the procedures in La.Rev.Stat. 15:85. State v. Hathaway, 403 So.2d 737 (La.1981). La.Rev.Stat. 15:85(1) dictates the procedure for the forfeiture of a bail bond as follows:
(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
La.Code Crim. Proc. art. 344 states:
B. (1) When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail, the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, shall be given written notice of the time, date, and place the principal is required to appear.
(2) The notice may be delivered to the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety by an officer designated by the court, at least two days prior to the day set for the appearance; or this notice may be mailed by United States first class mail to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, at least three days pri- or to the date set for the appearance. The notice shall be mailed to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety to the address designated pursuant to Article 322.
(3) If the defendant appears as ordered and the proceeding is continued to a specific date, the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety need not be given notice of the new appearance date. If the defendant fails to appear as ordered, or the proceeding is not continued to a specific date, the personal surety orjjthe agent or bondsman who posted the bond for the commercial surety shall be given notice of the new appearance date.
Bankers first argues that the State did not present the proper evidence as required by La.Rev.Stat. 15:85 to support a valid judgment of forfeiture based on the non-appearances of Kelly at the January 4, 1995, and February 7,1995 hearings. Specifically, Bankers asserts that no evidence was presented at the March 3, 1995 hearing that the surety and his agent were given proper notice of either the January 4 or February 7 hearing. This argument is unpersuasive because the judgment of bond forfeiture was based on Kelly’s non-appearance at the *996 March 3, 1995 hearing as noted in its transcript:
Counsel - If I might perfect the record, Your Honor. It’s my understanding that the Court is saying that you’re forfeiting the bond based upon the missing defendant?
Court - He is not here. There was notice sent today. That’s correct. That’s correct. I could have done it the first time. I gave the insurance company an opportunity to get the defendant here. There was a hearing set that this man wanted me to have that day and I said no, I’ll wait for you, but I could have done it the first time he appeared here. And, I’m doing it today. I gave you more leniency then [sic] the statute requires to get the person here. The bonds are forfeited.
* *****
Counsel - Well, I think I need to take a moment, Your Honor. My first objection is that it was our understanding that the bond was being forfeited based upon the defendant’s miss on January 4 of 1995. I’m suggesting to the Court that there’s — Court -1 will place in the record that I did not forfeit the bond that day and gave an opportunity for the insurance companies to get this man in. And, I know the amount [sic] of this bond [be]cause I set them. Again, there was a hearing set by the State where notices went out and because of the absence of defense counsel, because you were in Baton Rouge on another ease ... I said “set it for today” and notices again went out to the defense counsel, to the insurance company and to the agent. And, we’re here today and I’m forfeiting the bond today.
Next, Bankers argues that Kelly’s failure to appear at the bond forfeiture hearing cannot be considered a “non-appearance” as contemplated by La.Rev.Stat. 15:85. Although the jurisprudence indicates that neither La.Rev.Stat. 15:85 |gnor art. 344 requires notification to a surety of the bond forfeiture hearing or defendant’s presence at this hearing, in this case the Court’s March 3, 1995 setting was actually a continuation of Kelly’s arraignment—a situation contemplated in art. 344(B)(3). That Kelly’s bond forfeiture hearing was conducted on March 3, 1995 and the law does not require his presence at a bond forfeiture hearing, does not diminish the fact that the Court, in this case, required his presence on March 3 in its effort to reschedule his appearance date.
There is nothing in the language of La. Rev.Stat. 15:85 that allows the defendant not to appear at a bond forfeiture hearing if he has been notified by the court or the district attorney to appear. Indeed, La.Rev.Stat. 15:85 discusses the defendant’s required appearance in broad terms. In this case, Bankers was timely notified of the hearing. We find no merit in this argument.
Bankers argues that, in the alternative, if Kelly was required to appear at the March 3, 1995 hearing, the State did not provide adequate notice to Bankers. As evidence that the defendant and the surety had been timely notified of the March 3 hearing, the State, at that hearing, presented copies of the letters that had been sent by certified mail through the Office of the District Attorney. Bankers argues that the authority of the District Attorney to compel attendance of persons is limited by La.Code Crim. Proc. arts. 66 and 731. Bankers is correct that Articles 66 and 731 contemplate that only the Court shall issue subpoenas. However, La. Code Crim. Proc. art. 344 does not require the issuance of a subpoena, but only that notice be sent.
Bankers next argues that the notices sent by the Office of the District Attorney did not comport with the requirement of notice as contemplated by La.Code Crim. Proc. art. 344 because there was no evidence that the court ordered the mandated appearance of the defendant. We disagree. Article 344 allows the notice to be delivered “by an officer designated by the court.” The minutes of the 16trial court indicate that on February 22, 1995, the trial court continued the hearing for March 3, 1995, and ordered notice of the hearing be sent to defendant and the surety. The notice that was sent stated:
Be advised that this letter constitutes formal notice, from the State of Louisiana, that Floyd Kelly must appear in Division *997 “D” Criminal District Court, 2700 Tulane Avenue, New Orleans, Louisiana at 10:00 o’clock a.m. on Friday, March 3, 1995.
Although the notice was mailed through the Office of the District Attorney, Kelly’s appearance and the notice to him were ordered by the trial court.
In State v. Holloway, 28,901 (La.App.2d Cir. 12/11/96), 684 So.2d 1068,1070, the court held that “[b]eeause notice is required, ‘proper evidence’ that the state gave or attempted to give notice to the defendant and his surety must be presented in order to obtain a judgment of bond forfeiture.” The appellate court reversed the bond forfeiture because there was no evidence that the notices had been mailed to the surety.
In the present case, evidence was submitted that the defendant and the surety were notified. Copies of the letters of notification and the certified mail receipts were admitted into evidence. A state employee testified that she mailed the letters via certified mail. Such evidence was considered sufficient to meet the requirements of La.Code.Crim. Proc. art. 344 in State v. Davis, 95-408 (La.App.3d Cir. 10/4/95), 663 So.2d 386. We find that the evidence presented comports both with the spirit and the letter of the law.
Last, Bankers argues that because Kelly did not sign the $50,000.00 bond issued in connection with case number 373-526, it is invalid. La.Code Crim. Proc. art. 327 sets forth the requisites for a bail undertaking as follows:
A. The bond undertaking shall:
(1) Be in writing.
(2) State the court before which the defendant is bound to appear.
(3) Be entered into before an officer who is authorized to take it.
(4) State the amount of the bail.
|7B. The bail undertaking shall be enforceable if the above requirements are met; and a person shall not be discharged from his bail undertaking, nor shall a judgment of forfeiture be stayed, set aside, or reversed, nor the collection of any such judgment be barred or defeated by reason of any defect of form, omission of a recital, or of a condition of the undertaking, by reason of a failure to note or record the default of any defendant or surety, or because of any other irregularity. (Emphasis added).
Although clearly an omission of a condition is insufficient to reverse the judgment of forfeiture, under laws governing surety contracts,[2] certain basic requirements must be met for a contract to have effect. One requirement is that the party who incurs liability must sign the contract. In this case, the bond is a contract between Bankers and the State by which Bankers insures Kelly’s appearance and incurs liability if Kelly does not appear. Bankers signed the bond and accepted responsibility for insuring Kelly’s appearance.
The only reference to the defendant signing the bond is found in La.Code Crim. Proc. art. 322(A):
A. The defendant when signing a bail bond shall write under his signature the address at which he resides. The address shall be conclusively presumed to continue for all proceedings on the bond, until he files in the proceeding in which the bond was given a written declaration changing the address.
We do not interpret this language as a mandate that the defendant sign the bond for it to be effective. The purpose of this article is to insure that the State has an address at which to properly notify the defendant of his appearance date. We find no merit in this assignment of error.
Bankers undertook the obligation of guaranteeing Kelly’s appearance in court. The court allowed Bankers several opportunities to produce Kelly but it did not. Bankers was aware that if Kelly failed to appear, its property was subject to forfeiture. The essential elements of due process are notice and an opportunity to be heard. Kelly and Bankers were properly notified of the re-scheduled | ^arraignment date of March 3, 1995. Evidence that the requirements of Article 344 had been met was submitted, and Bankers *998 was in court on that day and was allowed to be heard. Bankers can argue that they were not notified of the arraignment dates in January and February, but it certainly cannot argue that it was not notified that defendant was required to appear on March 3, 1995.
Accordingly, the trial court judgments granting forfeiture of the two bonds at issue in this consolidated appeal are affirmed. The trial court’s denial of Bankers’ motion for a new trial is affirmed.

AFFIRMED.

. A third bond was issued on October 16, 1994 as a result of Kelly’s arrest for simple possession of marijuana. That bond, in the amount of $3,000.00, was forfeited also, but the forfeiture was not appealed.

. See La. Civ.Code art. 3035, et seg.