PLOTKIN, Judge.
This appeal raises the issue of whether the surety bond issued by Frontier Insurance Company (Frontier) was properly forfeited. Specifically, Frontier contends that the trial court was required to receive into evidence notice to the defendant of his arraignment which thereafter serves as a predicate for a bond forfeiture. Frontier alleges that the failure of the State to prove that notice of arraignment was issued to the defendant and the surety violates La.C.Cr.P. art. 344 and nullifies the bond forfeiture. We interpret the relevant law differently and affirm.

FACTS:

Leonardo Fuentes, defendant, was arrested on September 1, 1994, for possession with intent to distribute cocaine. On September 2, 1994, he was released from prison after Frontier filed a commercial surety bond in the amount of $30,000. There was no appearance date on the bond, nor were any notices 12given to the defendant scheduling a court appearance. The defendant never appeared in court after being released on bond.
The State filed a bill of information on October 18, 1994, formally charging the defendant with possession with intent to distribute cocaine and possessing a dangerous weapon while in possession of a controlled *54 dangerous substance. Arraignment was set for October 24, 1994. The defendant failed to appear, thus, the trial court issued an alias capias for his arrest. There is no evidence in the record that the defendant or the surety was served with notice of the arraignment on October 24,1994.
As a result of missing the scheduled arraignment date, a bond forfeiture hearing was scheduled for November 4, 1994. The trial court record shows that notice was ordered to be sent to the defendant, the surety and the surety’s agent. There is no evidence in the record that such notice was sent or served on the parties.
The defendant did not appear at the November 4, 1994, hearing. The court ordered the matter continued until November 23, 1994, and once again ordered that the defendant, the surety and the surety’s agent be properly notified of the hearing. On November 23, 1994, once again, neither the defendant nor the surety appeared. On that day, the State submitted into evidence, State’s exhibits C-l and C-2 which are subpoenas issued for the surety and defendant, respectively. While the trial court minute entry states that the November 23, 1994, hearing was to be a bond forfeiture hearing, the subpoenas actually summon Frontier and the defendant to court for trial, not for a bond forfeiture hearing. The subpoena for the surety has a service date of November 8, 1994, indicating personal service on the surety. The subpoena for the defendant has an attempted service date of November 9, 1994, however, the defendant was not served because the sheriff was |3“unable to gain access — security gate.” There is no evidence of any further attempt to serve the defendant with, the subpoena, and, as a result of his nonappearance, the court granted and signed a judgment of bond forfeiture on November 23,1994.
On December 13, 1994, the Clerk of Court mailed notice of the signing of the judgment of bond forfeiture to all parties.
On June 5, 1995, Frontier filed a combined petition for nullity and motion to relieve surety of liability from the judgment of bond forfeiture in the trial court. On June 21, 1995, a hearing was held as to Frontier’s motion. The State filed both procedural and substantive responses to appellant’s motion. Procedurally, the State filed a peremptory exception of prescription. The substantive issue was whether or not bond forfeiture hearing dates are appearance dates under La. R.S. 15:85. The State argued that while a bond forfeiture hearing is not an appearance at which the defendant must be present, he was ordered to appear on that date so the characterization of the hearing is irrelevant. The trial court accepted both the procedural and substantive arguments of the State and affirmed the forfeiture. It is from this decision that Frontier now appeals. .

ASSIGNMENT ONE:

The exception of prescription has been rendered moot because the State concedes that the petition for nullity was timely filed.

ASSIGNMENT TWO:

To obtain a judgment of bond forfeiture against a surety, the State must strictly comply with the procedures found in La. C.Cr.P. art. 344 and La. R.S. 15:85. State v. Hathaway, 403 So.2d 737, 739 (La.1981); State v. Polk, 96-1785 (La.App. 4th Cir. 1/29/97), 688 So.2d 191, 193, writ denied, 97-0889 (La. 5/9/97), 693 So.2d 760. Taken together, these rules provide the basis for procedural due process and the proper procedure for forfeiting a bond.
Article 344 of the Code of Criminal Procedure, entitled, “Right to notice of time and place of defendant’s required appearance,” reads in pertinent part,
(B)(1) When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail, the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, shall be given written notice of the time, date, and place the principal is required to appear.
(2) The notice may be delivered to the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety by an officer designated by the court, at least two days prior to the day set *55 for the appearance; or-this notice may be mailed by United States first class mail to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, at least three days pri- or to the date set for the appearance. The notice shall be mailed to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety to the address designated pursuant to article 322.
(3) If the defendant appears as ordered and the proceeding is continued to a specific date, the defendant and the personal surety or the commercial surety need not be given notice of the new appearance date. If the defendant fails to appear as ordered, or the proceeding is not continued to a specific date, the personal surety or the agent or bondsman who posted the bond for the commercial surety shall be given notice of the new appearance date.
(4) F ailure to give notice, as required by this Paragraph, relieves the surety from liability on a judgment of bond forfeiture for the defendant’s nonappearance on that particular date.
The purpose of this article is to provide adequate notice to the defendant and the surety of when and where the defendant must appear if the defendant is released from custody on a bail bond. Sections (B)(1) and (B)(2) apply in the instant case. Is The defendant was released on a bail bond that did not fix an appearance date, thus he and Frontier were entitled to written notice of the defendant’s required appearance date. Specifically, art. 344(B)(2) provides for at least two days written notice prior to. the date set for the appearance. It is undisputed that on November 8, 1994, Frontier received personal service of written notice of the defendant’s trial. Since the appearance date on the subpoena was November 23, 1994, this notice éxceeded the requirement of two days prior notice. Thus; the State adequately complied with the time-frame provided under art. 344 for supplying notice to the surety.[1]
However, our inquiry does not end here. We must decide whether the November 23, 1994, hearing was a “required appearance” for the defendant since the article 344(B)(1) notice requirement is intended to apply to a defendant when his presence is required in court and because La. R.S. 15:85 allows for bond to be forfeited when a defendant fails to appear at a time fixed for his appearance.
La.C.Cr.P. arts. 831-836 generally prescribe when the presence of a defendant is mandatory or waivable. Article 831 lists the situations when a defendant charged with a felony shall be present. Unquestionably the defendant’s presence at trial is required, but the defendant’s presence at a bond forfeiture hearing is not required. This is because the reason for a bond forfeiture hearing is that the defendant failed to appear at a mandatory hearing. In this ease, the court ordered that the defendant and the surety receive notice of the November 23, 1994 appearance date. The minute entry reflects that the court ordered notice to be sent regarding a bond forfeiture hearing; however, the actual subpoena received Rby Frontier clearly states that the defendant was to appear for trial.[2] The minute entry becomes irrelevant for the purpose of this analysis because the surety had actual notice of an art. 831 mandatory appearance, i.e. trial. Thus, under La.C.Cr.P. art. 831, the defendant’s presence was mandatory and the November 23, 1994 hearing constituted a time fixed for the appearance of the defendant.
Although not relevant, Frontier is correct in that nowhere in La.C.Cr.P. 344 is *56 there any indication that the defendant and the surety receive specific notice of a bond forfeiture hearing, or that the defendant appear at such a hearing. Yet, if it so chooses, the trial court may require that the defendant and surety be notified of an impending bond forfeiture hearing and/or require that the defendant appear at such a hearing. In fact, the identical reasoning proposed by Frontier, that a bond forfeiture hearing is not a required appearance, was presented and found unpersuasive in State v. Kelly, 96-1949 p. 5 (La.App. 4th Cir. 7/23/97), 698 So.2d 993, 996: “That [a] bond forfeiture hearing was conducted on March 3, 1995 and the law does not require [defendant’s] presence at a bond forfeiture hearing, does not diminish the fact that the Court, in this case, required [defendant’s] presence on March 3 in its effort to reschedule [defendant’s] appearance date.” In that case, after receiving notification for a hearing termed a “bond forfeiture hearing,” the defendant failed to appear. When a defendant is ordered to appear in court, that constitutes a “at a time fixed for his appearance,” and, ergo, defendant’s bond in that case was subsequently forfeited. It mattered not that the defendant and surety received notice of a bond forfeiture hearing. 17 Rather, the decisive factor was that the defendant was ordered to appear, irrespective of what the hearing was termed. We conclude that the timely notice to the surety of a proceeding that mandates the presence of the defendant is sufficient to satisfy the mandatory art. 344 notice to the surety, notwithstanding the words used to describe the hearing.
La. R.S. 15:85 relates to the procedures for the actual forfeiture of a bail bond.
(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond against the defendant and his sureties in solido for the full amount of the bond, (emphasis added in text)
Like La.C.Cr.P. art. 344, this statute does not delineate what constitutes a required appearance for the defendant. Frontier claims that La. R.S. 15:85(1) requires that evidence of La.C.Cr.P. art. 344 notice be introduced in order to properly forfeit a bail bond and specifically, that the State failed to introduce proper notice to the defendant and the surety for the October 24, 1994, arraignment. We disagree. On the contrary, this statute also uses a general phrase: “time fixed for appearance.” As already discussed, we interpret this to include, at least, all of the mandatory appearances listed in La.C.Cr.P. art. 831. In this case, Frontier had actual knowledge of the November 23, 1994, trial date. Undoubtedly, this is a “time fixed for appearance” of the defendant; therefore when the defendant failed to appear when called, the court was authorized to forfeit the bond upon motion by the prosecution followed by the presentation of | gproper evidence. The State’s introduction of evidence proving that the notice of trial was personally served on the surety and that there was an attempted service on the defendant for the November 23, 1994, hearing was sufficient to forfeit the bond. Our interpretation is consistent with the theory of bond forfeitures which is to allow forfeiture of the bond based on a defendant’s nonappearance for a required court date. In this case proper notice and forfeiture proceedings were followed.
We hold that the State complied with the requirements of La. R.S. 15:85 and La. C.Cr.P. art. 344 when it forfeited the defendant’s bond. The judgment of the trial court is affirmed.

AFFIRMED.

. Frontier does not argue improper service of process on the defendant, Fuentes, thus we will not address the attempted service on defendant.

. The subpoena to Frontier states, in pertinent part: "Wherefore, you are hereby ordered, in conformity with the condition of your bond, and under the penalty therein mentioned, to cause said defendant to appear before the Criminal District Court for the Parish of Orleans, SECTION F, on the aforesaid day at 8:00 o’clock A M to be tried."
The defendant’s subpoena states: "You ARE HEREBY ORDERED to appear before the CRIMINAL DISTRICT COURT for the Parish of Orleans, on WEDNESDAY next, the 23RD day of November 1994, at 8:00 o’clock AM to be tried.”