JOY COSSICH LOBRANO, Judge.
| Jn this bond forfeiture proceeding, Bankers Insurance Company (“Bankers”) appeals the district court’s judgment denying its motion to set aside the judgment of bond forfeiture. For the reasons that follow, we affirm the district court’s judgment.
On March 30, 2007, Bankers posted a $50,000.00 commercial surety bond to secure the appearance of defendant, Sidney Smith, in Orleans Parish Criminal District Court for extradition on an out of state warrant.[1] Defendant appeared in court with counsel for an extradition arraignment on April 30, 2007, and was notified the hearing was continued to May 7, 2007. On May 7, 2007, defendant appeared in court without counsel, and was notified the hearing was continued again to May 21, 2007. On May 21, 2007, defendant failed to appear in court for the extradition arraignment. At that time, the court rescheduled the extradition arraignment for May 31, 2007, and set a bond forfeiture hearing for June 21, 2007.
|2On May 31, 2007, the defendant failed to appear for the extradition arraignment hearing and the matter was continued without date. The bond forfeiture hearing scheduled for June 21, 2007, was continued three more times to August 13, 2007. On *722 August 18, 2007, defendant again failed to appear in court and the docket master and minute entries for that date indicate the matter was continued without date.
Two years passed with no action taken in this ease. On November 19, 2009, the State filed a “set sheet” to schedule a status hearing. The trial court scheduled the status hearing for November 24, 2009, but defendant faded to appear. At that time, the court scheduled a bond forfeiture hearing for December 9, 2009, and ordered defendant and the surety to be served with notice of the date. On December 9, 2009, defendant failed to appear; the docket master and minute entries from that date indicate defendant and the surety were never served with notice. The trial court rescheduled the bond forfeiture hearing to December 22, 2009, and then to January 6, 2010.
At the hearing on January 6, 2010, defendant failed to appear, and the State offered into evidence the bond and the subpoenas to the defendant and the surety and asked the trial court to forfeit the bond.[2] The trial court rendered a judgment, ordering forfeiture of the bond. On February 10, 2010, the Clerk of Court mailed, |svia certified mail return receipt requested, notice of the signing of the bond forfeiture judgment to the surety company, its agent and defendant.
On July 28, 2010, Bankers filed a motion to set aside judgment of bond forfeiture, asserting that, although the bond was forfeited for the defendant’s failure to appear on August 13, 2007, the Clerk of Court mailed notice of the bond forfeiture judgment on February 10, 2010 [3], which was not within sixty (60) days after the bond forfeiture date as mandated by La. R.S. 15:85(3)(c)[4] and, therefore, failure to timely mail notice released Bankers of its obligation under the bond.[5]
At the hearing on Bankers’ motion, the State argued that Bankers failed to produce any evidence that the State had moved for a forfeiture of defendant’s bond in 2007, as asserted in its motion. The State pointed out that it was the State’s prerogative to move for forfeiture of the bond on a specific date pursuant to La. R.S. 15:85(1)[6].
*723 |4In denying Bankers’ motion to set aside the judgment of bond forfeiture, the trial court found that none of defendant’s failures to appear in 2007 was the basis of the bond forfeiture, explaining, “[T]he defendant was in effect still out on bond then all this time. It wasn’t till 2010 when the bond was forfeited.” The trial court concluded the hearing, stating,
A lawyer appeared for the defendant and the forfeiture was continued. The surety company was placed on notice on the very first day the defendant did not appear. The surety company was placed on notice every time they were served and told there was going to be a bond forfeiture hearing. The surety company could have appeared at any one of those time to say, hey, I waive my rights. They have never done that till now, till now. I’m going to deny your motion.
Bankers now appeals from the judgment denying it motion to set aside the judgment of bond forfeiture, raising one assignment of error: the trial court erred in denying its motion to set aside the judgment of bond forfeiture when notice of judgment of bond forfeiture was not mailed to the defendant and the surety within sixty (60) days of the defendant’s initial failure to appear as required by former La. R.S. 15:85(3)(c). After reviewing the record, we find no merit to the assignment of error.
Pertinent to the discussion herein is State v. Kelly, 96-1949, 96-1950 (La.App. 4 Cir. 7/23/97), 698 So.2d 993, a consolidated case involving two bonds posted by Bankers in Orleans Parish Criminal District Court that were eventually
| ¡¡forfeited after defendant had missed his first five court dates. The chronology in Kelly is as follows:
Kelly was ordered to appear for arraignment for case 371-507 on January 4, 1995. Because there was no evidence that Kelly had been notified of the arraignment date, it was rescheduled for January 11, 1995, and notice was sent to Kelly at the address recorded on the bond. No copy of this notice is contained in the record. He failed to appear and the trial court issued an alias capias for his arrest.
Kelly’s arraignment for case 373-526 was set for February 7, 1995, and notice was sent to the address on the bond. There is no copy of this notice in the record. He did not appear and the trial court issued another alias capias for his arrest.
The record indicates that on February 7, 1995, when the arraignment was continued until February 22, the Assistant District Attorney requested that the Clerk of Court subpoena the defendant, the bondsman, and the surety company. The minute entry for February 7, 1995 indicates that he trial court ordered that the defendant, the bondsman and the surety company be notified of the February 22 hearing.
The minute entries for February 22, 1995 indicate the trial court reset the bond forfeiture hearing for March 3, 1995, at the request of the surety company. Again the trial court ordered notices of the continuance sent to the defendant and the surety. By certified mail, return receipt requested, the Office of the District Attorney sent notice *724 to Kelly and his sureties of the March 3, 1995 hearing date and their required appearance.
Kelly did not appear on March 8, 1995, although counsel for his surety did. As a result of Kelly’s nonappearance on March 8, 1995, the trial court granted forfeiture of both bonds.
Id, 96-1949, 96-1950, pp. 1-2, 698 So.2d at 994-995.
In appealing the bond forfeitures, Bankers argued that no evidence was presented at the March 3, 1995 hearing that the surety and its agent were given proper notice of either the January 4, 1995 or February 7, 1995 hearing. This |fiCourt found the argument unpersuasive, concluding the alleged failure of the State to provide proper notice to the defendant and surety of the two scheduled arraignment dates did not invalidate the bond forfeiture, because the forfeiture was not based on those non-appearances but rather on “Kelly’s non-appearance at the March 3, 1995 hearing as noted in its transcript[.]” Id, 96-1949, 96-1950, p. 4, 698 So.2d at 995-996.
In the present case, as in Kelly, Bankers argues that the bond was forfeited at an earlier hearing, either May 21, 2007 or August 13, 2007[7], when defendant failed to appear. However, the case record and specifically the transcript of the January 6, 2010 bond forfeiture hearing clearly indicate that the State moved for the bond forfeiture on that date after the defendant failed to appear and presented the trial court with the bond and the subpoenas sent to the surety and defendant to appear in court that day. Furthermore, the transcript of the August 5, 2010 hearing on Bankers’ motion to set aside the bond forfeiture judgment indicates the trial court forfeited the bond because defendant did not appear in court on January 6, 2010 for the bond forfeiture hearing.
As to the timely mailing of the notice of the judgment of bond forfeiture, the record indicates the Clerk of Court mailed the notice of the judgment on February 10, 2010, which was within sixty (60) days after the defendant failed to appear, resulting in the bond forfeiture, as mandated by former La. R.S. 15:85(3)(c). Because mailing of notice of the judgment of bond forfeiture was timely, the surety has not been released of its obligations under the bond.
|7In conclusion, we find the trial court correctly denied Bankers’ motion to set aside the judgment of bond forfeiture.
Accordingly, for the reasons stated herein, the August 5, 2010 judgment of the trial court denying Bankers’ motion to set aside the judgment of bond forfeiture is affirmed.
AFFIRMED

. The record indicates that in November 2002, the defendant was charged by a Texas grand jury with burglary of a building in Dallas. The 195th Judicial District Court of Dallas County, Texas, deferred adjudication and placed defendant on probation for a period of five (5) years. In September 2005, after defendant violated the terms of his probation, the court adjudicated him guilty and issued a warrant for his arrest when he failed to appear in court. Defendant was arrested in Orleans Parish on March 28, 2007, and charged with being a fugitive from Texas.

. The record mentions a sheriff's return marked "subject moved” for the defendant and contains a signed receipt from the surety’s agent, Louella Joseph, for the date of January 6, 2010. The sheriff’s return on defendant is not in the record. Nonetheless, Bankers has not alleged any defect in the forfeiture notices for January 6, 2010.

. In the written motion to set aside judgment of bond forfeiture that was filed in the record, Bankers incorrectly stated the date of mailing of notice of the bond forfeiture judgment as February 22, 2010.

. La. R.S. 15:85 was amended by Acts 2010, No. 915, § 3, effective August 15, 2010. However, the law in effect at the time of the forfeiture applies. See Bankers Ins. Co. v. State, 37,080, p. 4 (La.App. 2 Cir. 4/11/03), 843 So.2d 641, 644, n. 2, citing State v. Adkins, 613 So.2d 164 (La.1993). At the time of the forfeiture hearing in this case, La. R.S. 15:85(3)(c), provided:
Failure to mail proper notice of the signing of the judgment within sixty days after the defendant’s failure to appear shall release the sureties of any and all obligations under the bond.

. In its appellant brief, Bankers argues that the bond was forfeited on May 21, 2007, when defendant initially failed to appear, and thus it was relieved of its obligation under the bond on July 21, 2007, sixty-one days following his failure to appear.

. Prior to the 2010 amendment, La. R.S. 15:85(1), provided:
Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence in- *723 eluding: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.

. See n. 5, infra.